UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:16-cr-343-T-23JSS

GARY PAUL MOORMAN
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court for entry of a report and recommendation concerning the amount of restitution to be imposed against Defendant pursuant to 18 U.S.C. § 3663A. The Honorable Steven D. Merryday referred this matter to the undersigned on November 13, 2017. (Dkt. 97.) On January 31, 2017, the parties stipulated to a total amount of restitution and the Court held a hearing on this matter. (Dkt. 103.) Upon consideration, the Court recommends imposing restitution against Defendant in the amount of $33,280.

**BACKGROUND**

On March 28, 2017, Defendant was charged in a Superseding Indictment with eight separate counts for knowingly recruiting, enticing, harboring, coercing, and transporting victims to travel in interstate or foreign commerce to engage in prostitution in violation of 18 U.S.C. § 1591(a), (b) and 18 U.S.C. § 2422(a). (Dkt. 52.) On July 20, 2017, Defendant entered into a Plea Agreement, pleading guilty to Count Two of the Superseding Indictment. (Dkt. 77.) Specifically, Defendant pleaded guilty to knowingly persuading, inducing, enticing, or coercing an individual to travel in interstate or foreign commerce and intending that the individual engage in prostitution in violation of 18 U.S.C. § 2422(a). (Dkt. 77 at 3.) Pursuant to 18 U.S.C. § 3663A(a) and (b), Defendant agreed "to make full restitution" for the full amount of the victims' losses as determined

by the Court. (Dkt. 77 at 4.) On July 21, 2017, the undersigned entered a Report and Recommendation Concerning Plea of Guilty, recommending that the Plea Agreement and Defendant's guilty plea be accepted. (Dkt. 81.) On August 9, 2017, the Court accepted Defendant's guilty plea and adjudged Defendant guilty. (Dkt. 83.) On November 6, 2017, the Court entered a judgment dismissing Count One and Count Three through Count Eight of the Superseding Indictment, adjudicating Defendant guilty of Count Two, and sentencing Defendant to two hundred and forty months imprisonment. (Dkt. 95.) The Honorable Steven D. Merryday subsequently referred this matter to the undersigned to determine the restitution owed by Defendant. (Dkt. 97.)

## APPLICABLE STANDARDS

The Mandatory Restitution to Victims of Certain Crimes Act ("MRV") provides, *inter alia*, that a court must order a defendant to pay restitution to the victim of a "crime of violence," as is defined in 18 U.S.C. § 16. *See* 18 U.S.C. § 3663A(a), (c). A "victim" under the MRV is defined as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2). The MRV requires, "in the case of an offense resulting in bodily injury to a victim" that the defendant:

> (A) Pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;
> (B) Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and
> (C) Reimburse the victim for income lost by such victim as a result of such offense.

18 U.S.C. § 3663A(b)(2)(A). While the burden of demonstrating the amount of the loss sustained by a victim as a result of the offense rests with the Government, the burden of demonstrating the

financial resources of the defendant and the financial needs of the defendant's dependents is on the defendant. 18 U.S.C. § 3664(e). Any dispute as to the amount of restitution must by determined by the Court by a preponderance of the evidence. *Id*. In determining the full amount of each victim's losses, the court shall not consider the economic circumstances of the defendant. 18 U.S.C. § 3664(f)(1)(A). However, in determining the manner in which the restitution is paid, the court shall consider the financial resources, projected earnings, and financial obligations of the defendant. 18 U.S.C. § 3664(f)(2).

## ANALYSIS

Prior to the hearing, the parties agreed to restitution in the total amount of $33,280. (Dkt. 103.) The parties detailed the amount of loss sustained by each victim as a result of the Defendant's offenses in a spreadsheet filed under seal. (Dkt. 103 at 1.) Upon consideration, the Government has met its burden of proving that Defendant committed a "crime of violence" that resulted in bodily injury to victims J.R. and D.F. and that the amount of loss sustained by J.R. and D.F. is a result of Defendant's offense. 18 U.S.C. §§ 3663A(a), (c), 3664(e); *United States v. Keelan*, 12-20496-CR, 2014 WL 31328, at *3 (S.D. Fla. Jan. 3, 2014), *aff'd*, 786 F.3d 865 (11th Cir. 2015). Having considered the parties stipulation, the evidence, and arguments from the parties, the total amount of $33,280 constitutes full restitution to J.R. and D.F. as provided by 18 U.S.C. §§ 3663A(a).

Further, the parties agreed that as a result of Defendant's offense, Defendant will make monthly payments to satisfy Defendant's restitution. (See Dkt. 103.) These payments shall be made payable to the "Clerk, U.S. District Court" and shall be mailed to Clerk, U.S. District Court, Attn: DCU, 401 West Central Boulevard, Suite 1200, Orlando, Florida 32801. (*Id.*)

The parties additionally agreed to waive any objections to this Report and Recommendation. *See* 11th Cir. R. 3-1. Accordingly, it is

**RECOMMENDED**:

1. Restitution be imposed upon Defendant in the total amount of $33,280.

2. The remaining provisions of the parties' Stipulation Regarding Restitution be specifically incorporated by reference in the Court's final Order.

3. Defendant be ordered to notify the Court and the Attorney General of any material change in his economic circumstances that might affect his ability to pay restitution. 18 U.S.C. § 3664(k).

**IT IS SO REPORTED** in Tampa, Florida, on January 31, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Steven D. Merryday
Counsel of Record